UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAPHETTE GEIGER, et al. | No. 2:22-cv-00043-TLN-SCR |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiffs are proceeding pro se in this action. *See* ECF No. 41 (granting counsel's motion to withdraw). This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). ECF No. 44. Before the Court is Defendant County of Sacramento's motion to dismiss for failure to prosecute. ECF No. 47. A hearing was held on the motion on October 31, 2024, at which Plaintiffs failed to appear. The Court recommends the motion be granted and the action be dismissed for the reasons set forth herein.

**I.    Background and Procedural History**

Plaintiff JW Geiger filed this action on January 5, 2022, alleging claims under 42 U.S.C. § 1983 arising out of an incident on January 15, 2021 where Geiger was in a car with his brother and his brother was shot and killed by police officers. ECF No. 1 at ¶¶ 16-32. The case was then consolidated with 2:22-CV-00045-JAM-DB and a First Amended Consolidated Complaint was

////

filed on May 11, 2022. ECF No. 14. A pretrial scheduling order was entered which set trial for April 2024. ECF No. 16.

In September 2023, Defendant County of Sacramento filed a Motion to Compel Depositions of Plaintiffs. ECF No. 23. The motion set forth the frustrated efforts that Defendant had made since April 2023 to take Plaintiffs' depositions. On October 27, 2023, the Court ordered Plaintiffs to appear for depositions in November 2023. ECF No. 29. On February 1, 2024, Plaintiffs' counsel filed a motion to withdraw. ECF No. 36. The motion cited a "breakdown in the attorney-client relationship" and explained that Plaintiffs had not been responsive when counsel reminded them "of the importance of meeting discovery obligations." ECF No. 36 at 3. Counsel was allowed to withdraw via an order issued March 29, 2024. ECF No. 41. That order advised Plaintiffs that they had 45 days to inform the Court if they have retained new counsel or will be proceeding pro se. ECF No. 41. Plaintiffs' former counsel filed a certificate of service stating she served the Court's order on Plaintiffs. ECF No. 43. Plaintiffs did not inform the Court they had retained new counsel, and the matter was referred to Magistrate Judge Barnes. ECF No. 44. There have been no further filings in this action by Plaintiffs since their counsel withdrew. On September 18, 2024, Defendant filed the motion to dismiss for failure to prosecute. ECF No. 47.

**II.    Analysis**

Defendant's motion to dismiss notes that there has been no activity in this case from Plaintiffs since their counsel withdrew, which was seven months ago. ECF No. 47. Additionally, recent mailings from the Court have been returned as undeliverable as to Plaintiffs Yaphette Geiger and N.G. (*see* docket entries on May 28, 2024, August 15, 2024, and August 18, 2024). No plaintiff has filed a change of address form.

Defendant filed its motion to dismiss on September 18, 2024. Under Local Rule 230(c) a response was due "no later than fourteen (14) days after the motion was filed." An opposition was thus due by October 2, 2024, and none was filed. "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Despite Plaintiffs' failure to file an opposition, the Court went forward with the hearing on October 31, 2024, to

allow Plaintiffs an opportunity to appear and explain their circumstances.  Plaintiffs did not appear at the hearing.  Moreover, minutes from the hearing were returned as undeliverable as to Yaphette Geiger (*see* docket entry on November 11, 2024).

The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate.  In considering whether to dismiss a claim for failure to prosecute, the Court considers:  1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits.  *Id.* at 1260-61.

1. **Public's interest in expeditious resolution of the litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  This action was filed over two and a half years ago and concerns an event that occurred in January 2021.  Plaintiffs have taken no action in the case for over seven months.  This factor weighs in favor of dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

2. **Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over two years.  A trial date was set, and delays in the case led to a continuance and to the vacating of that date.  The Court has been called on to adjudicate discovery matters and disputes.  *See* ECF Nos. 18, 24, 27, 29, 31.  This factor weighs in favor of dismissal.

3. **Risk of prejudice to defendants**

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642.  Limited delays and the pendency of a lawsuit are

insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Defendant contends that: "Plaintiffs' persistent noncompliance with the discovery, court rules, and orders has prevented Defendant from engaging in meaningful meet and confer efforts to resolve the case without filing a dispositive motion." ECF No. 47-1 at 5. This matter cannot proceed to trial without Plaintiffs' participation and Plaintiffs have not participated since counsel withdrew. The Court finds this factor weighs in favor of dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. Defendant's motion suggests that as an alternative to dismissal the Court could issue an order to show cause. ECF No. 47-1 at 4. The Court finds issuing such order would likely be futile. Plaintiffs resisted having their depositions taken which resulted in a motion to compel and order. ECF Nos. 25, 29. Plaintiffs did not respond to the Court's order (ECF No. 41) which directed them to inform the Court if they intended to proceed pro se or would be obtaining replacement counsel. Plaintiffs did not file an opposition to the motion to dismiss, and failed to appear for a hearing on that motion. Additionally, mail to some of the Plaintiffs has been returned as undeliverable, indicating Plaintiffs have failed to inform the Court of a change of address, in violation of Local Rule 183(b). The Court finds less drastic alternatives are not available. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("we can imagine no less drastic sanction that was available" other than dismissal without prejudice where the litigant had failed to update his address and any further order to show cause or order imposing sanctions "would only find itself taking a round trip tour through the United States mail."). The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly

counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*   The Court finds this factor weighs against dismissal.

### III.   Conclusion

The Court has considered Defendant's Motion to Dismiss and Plaintiffs' failure to oppose the motion or to appear for hearing.  The failure to comply with Local Rule 230 alone could merit dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  However, the Court has further considered the history of the litigation, including Plaintiffs' apparent failure to take any action in the litigation since counsel was granted leave to withdraw on March 29, 2024.  The Court finds upon consideration of the *Ferdik* factors that dismissal of the action without prejudice is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss (ECF No. 47) be GRANTED and the action dismissed without prejudice; and
2. The court close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE